The opinion of the court was delivered by
Duncan, J.
The errors assigned are to the indictment.
1. That it does not lay the intention to ravish feloniously.
2. That it is defective in allegation of time and place as to the battery.
The crime here was the assault and battery, the intention is only matter of aggravation. Rogers v. The Commonwealth, 5 Serg. & Rawle, 464. It is an aggravation of the misdemeanor,' and not a description of the offence. If the intent ion to commitlhe crime was made afelony, then indeed this exception oughtto be raised; buttheindictment properly describes the offence as atrespass. The punishment, inflicted is, not corporal punishment, but a mere pecuniary fine. The offence laid is a tre. pass, and the fine is for a trespass. The felonious intention not being properly laid, it is fair to presume, that the court, from the mildness of the sentence, rejected this aggravatory matter, as not being properly laid. For we never can suppose, that for the atrocious offence of an assault and battery, with an intention to ravish, the court would' have sentenced the culprit only to pay twenty dollars.
The second exception, had this been a felony, would have been fatal. Leaving out the intention, the indictment would run thus: That the said William Stout, on the I7th January, 1824, at the county aforesaid, made an assault on the said Sally Cassel, and the said Sally Cassel did beat, wound, and evilly treat, &c. In an indictment for a misdemeanor, the day and place named in the beginning, refer to all the ensuing acts. Thus, an indictment against A. alleging, that at such a time and place, he made an assault upon one B., and beat the said B., without saying then and there, was held sufficient. So it has been holden, that in an indictment for forcible entry, it would be sufficient to say, quod primo M, intravit et ipsum disseisivit, without the ad tunc et ibidem. Bande’s Case, Cro. Jac. 41. Dyer. 69.
The judgment is therefore affirm jd.